### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN THE MATTER OF | : | |
| CAST ENTERTAINMENT, INC., | : | CASE NO. 03-05246(SEK) |
| DEBTOR | : | CHAPTER 11 |
| ------------------------------- | | |
| CAST ENTERTAINMENT, INC., | : | |
| PLAINTIFF | : | ADV. NO. 06-00087 |
| v. | : | |
| ALEJANDRA GUZMAN, | : | **FILED & ENTERED** |
| DEFENDANT | : | APR 1 7 2006 |
| ------------------------------- | | |

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER



Before the Court is Cast Entertainment, Inc.'s (the "Plaintiff's") "Urgent Motion Seeking Ex Parte Attachment Order" filed on April 11, 2006. We deny the motion for reasons that follow.

### Background

The motion states Plaintiff is willing to post a $5,000 bond and asks that we:

(1) Order the US Marshal to attach any and all property of Defendant Alejandra Guzmán sufficient to secure effectiveness of judgment, or

(2) Schedule a hearing and give personal notice to the Defendant to discuss the merits of the present motion during

the time when defendant Alejandra Guzmán will be in Puerto Rico.

Debtor argues we may order the ex parte attachment here due to the following "exceptional circumstances".

(1) Alejandra Guzmán has no intention of paying the damages claimed by Plaintiff were it to prevail, as shown by her refusal to communicate with the Plaintiff and her failure to file a proof of claim in this bankruptcy case.

(2) Guzman's principal source of income is derived from México.  Her income derived from the U.S. is a secondary source. Therefore, Plaintiff reasons, Ms. Guzmám would easily be able to continue her artistic career using her Mexican assets or with assets she is fraudulently transferring from U.S. to México.

(3) Plaintiff argues it has shown the existence of "exceptional circumstances" in "its Amended Complaint and "Opposition to Defendant's Motion to Dismiss".

(4) The attachment is necessary to deal with Defendant's fraudulent, illegal and criminal actions carried out for her personal gain and benefit and because of her dissipation, waste and hiding of assets with the advice and help of third parties.

(5) Plaintiff asks us to take judicial notice of a newspaper article attached as "Exhibit B of the document presented as Exhibit A" listing all of Defendant Guzmán's assets located in the United States".  Plaintiff also asks us to take judicial



notice of the fact that "Defendant Guzmán has sufficient time to alienate her assets with the aiding [sic] and abetting of third parties."

## Discussion

Prejudgment attachments are governed by Fed. Rule Civ. P. 64, made applicable to adversary procedures in bankruptcy by Fed. R. Bankr. P. 7064. Courts have stated that F. R. Civ. P. 64 allows for a prejudgment remedy of an attachment. This remedy "is available under the circumstances and in the manner provided by the law of the state under which the district court is held, existing at the time the remedy is sought."[1] Therefore, in this matter we look to R. 56 of P. R. Rules of Civil Procedure, 32 Laws of P.R. Ann. App. III R 56.

In the case of *Nationwide*, the court explains that:

> the mere posting of a bond without any additional guarantees could not prevent the damage that could be caused by the failure to hold a hearing. Accordingly, the Supreme Court of Puerto Rico held that [its] Rule 56.4 is unconstitutional to the degree it allows a party to obtain an ex-parte attachment order without alleging or demonstrating the party has a prior property interest in the thing attached; without alleging or demonstrating the existence of exceptional circumstances; or without alleging or demonstrating the probability of prevailing by production of authentic documentary evidence showing that the debt is liquid, due and owing." (cit. omitted).

*Nationwide Mutual Insurance Co. V. Pérez*, 1997 WL 557630 at *2.

---

[1] *Nationwide Mutual Insurance Co. v. Pérez*, 1997 WL 557630*1 (D. Puerto Rico).

3

The Supreme Court also indicates that a showing of "extraordinary circumstances" must be proved. A mere affirmation made by the Plaintiff is not enough. The Court must require some prima facie evidence, and a sworn statement.[2]

The record here shows Debtor has been claiming the remedies contained in this adversary proceeding for several years, so that the urgency of this needed ex parte remedy is questionable.

Exhibit A attached to the Urgent Motion is Mr. Alfredo Castellanos Bayouth's statement under pain of perjury affirming the correctness of the complaint's allegations and listing Ms. Guzman's assets located in the United States. This statement was executed on **September 30, 2002**. (Our emphasis) Not only may its contents be obsolete, but it belies Plaintiff's claim of urgency.

We do not find that the derivation of income from sources outside the U.S., or the failure to file a proof of claim demonstrate Ms. Guzmán is fraudulently transferring assets to



---

[2] "[S]i bien es cierto que en *Rivera Rodríguez & Co. v. Lee Stowell*, ... indicamos que la existencia de 'circunstancias extraordinarias' pueden justificar una orden de embargo ex parte, ello no significa que un tribunal puede concluir sin mas, que existen 'circunstancias extraordinarias' solo porque una parte lo afrima. El mero acto de aseverarlo no puede ser suficiente justificación para que a una parte se le niegue un derecho de rango constitucional y que se le embargue una propiedad ex parte, máxime cuando la alegación está desprovista de evidencia prima facie alguna, o -- por lo menos -- de alguna delcaración jurada. Ciertamente, la Constitución exige del embargante una alegación de 'cicunstancias extraordinarias' más fundamentada y razonable." *Ramos de Szendry, et al. v. Colón Figueroa*, 153 D.P.R. 534, 547 (2001).

become judgment proof.

Next, we are perplexed by Urgent motion's reference to an "Amended Complaint"and an "Opposition to a Motion to Dismiss". These pleadings have not been filed in this proceeding. To date, the only documents filed in this proceeding are the complaint and the mentioned Urgent Motion.

Plaintiff would have us take judicial notice of a newspaper article and its contents when a copy of the article was not attached to the Urgent Motion. Rule 201 of the Fed. Rules of Evidence does not allow the court to take judicial notice of the existence of the article, nor of its contents.

With respect tp Plaintiff's probability of prevailing through the production of authentic evidence showing the debt is liquid, due and owing, here we have no evidence to sustain such a finding. The amount due to the Plaintiff is certainly not liquid, due and owing. *Ramos de Szendrey, et al. v. Colón Figueroa*, 153 D.P.R. 534,546.



We also find that a $5,000.00 bond will not cover damages that might be caused by a prejudgment embargo of assets valued at approximately $5 million.

Generally, a court may order attachment of goods within its geographical environs. The Urgent Motion seeking an extraterritorial attachment, must show that this remedy is available in accordance with the law of the forum state, unless

5

federal statute expressly governs the situation.  Plaintiff makes no reference to a federal statute or to the procedural rules of Puerto Rico that govern attaching real and presumably personal property located in the state of Florida.  We hesitate to grant the attachment beyond our territorial boundaries without such a reference.

WHEREFORE, the Urgent Motion is denied.

The Clerk shall notify this Opinion and Order to Hon. Joseph A. DiClerico, Jr., U.S. District Judge (Sitting by designation in the case of John Zerbe, Trustee v. Gabriela Alejandra Guzmán, *et al.*) and to the parties's Counsel of record in this proceeding.

SO ORDERED, in San Juan, Puerto Rico, on April 17, 2006.

SARA DE JESÚS.
U.S. Bankruptcy Judge

6